Judge Underwood
delivered the opinion of the Court.
The sergeant of the court of Appeals took a replevin bond, in satisfaction of an execution which issued in favor of the relators for costs recovered by them in this court. The replevin bond having become due, an execution issued on it, directed to the sergeant, and was collected by one of his deputies, who failed to pay over the money. Whereupon the relators instituted this suit against Hardin, one of the sergeants sureties, in his official bond, to recover the money for the sergeants default. Hardin resists a recovery upon the ground, that the sergeant had no lawful authority, to execute any writ of execution for costs, and consequently, that his bond did not render him responsible for any act of the sergeant or his deputies, in relation to executions for costs.. We are of opinion, that the defence relied on by Hardin, ought to have been sustained, The sixth section of the act creating the office of sergeant of the court of appeals, prohibits him from executing “any writ of execution for costs,” see 2 Digest, 1128. By the same act, the clerk of this court could not direct process to the sergeaut, unless at the request of the party interested, and no request of the party would legitimate the issuing an execution for costs directed to the sergeant contrary to the sixth section of the act. The condition of Hardin’s bond, is that the sergeant shall discharge the duties of his office agreeably to Inw. As *302 the law did not make it the duty of the sergeant to. collect executions for costs, but prohibited his doing it, he had no duty to perform in relation to such executions; consequently,nothing was required of the securities in the official bond, if the sergeant failed to execute such process. If, though, he proceeded to execute it contrary to law, and collected- the amount, it may be said the law then imposed a duty on him, to pay over the amount to the person entitled to it. It is true, that in such case, an individual responsibility, would be imposed by law, to account for money had and received to the use of another; but we do not perceive the ground, for official responsibility in such a case. Where an officer by colour of his office, collects money, in virtue of process, which he has no legal authority to execute, and thereby inflicts an injury on the defendant in the process, by transcending his pow* cr, we do not intend to be understood as deciding, that an individual thus injured, could not maintain an action on the official bond. Such a case is materially váriant from the present.
Execution being on replevy bond not material, The court, will inspect the whole proceedings.
It is contended by the counsel for the relators, that the first execution for costs, was merged in the replevin bond, and that as the second execution which, issued on the replevin bond, was that on which the money was collected, that we should not look farther back, than to the replevin bond, which we should regard as a judgment for so much money, without enquiring, whether it was for costs or not. We think differently; we have a right to inspect the whole proceedings in such a case, and to prevent that being done by indirection, which cannot be lawfully done directly. If, instead of taking the replevin bond, the money had been received on the first execution, it being for costs, Hardin’s bond, would have imposed no liability on him. Taking a replevin bond, and then collecting that by execution, cannot convert costs into any thing else. The securities of a sheriff, are not liable for the amount of fee bills collected by him, and which’ he was not bound by law to receive. The present is a stronger case in behalf of the securities of the sergeant, who is prohibited from acting on executions for posts.
Monroe, for plaintiff; Brown, for defendant.
The judgment of the circuit court is reversed, with directions to render judgment in the agreed case, for the defendant in that court. The plaintiff in error must recover his costs.